OTT, Judge.
Appellant filed this action to recover sums allegedly due her by virtue of appel-lee’s breach of her employment contract. Appellee’s motion to dismiss was granted when the trial court concluded that none of the four counts stated a proper cause of action. We think that Counts I and III were sufficient to withstand the motion, and so we reverse the dismissal of those counts.
COUNT I
Count I alleged that appellee hired appellant as a design consultant, with appellant to receive a percentage of appellee’s gross profit on all furnishings sold by appellant, and a percentage of all fees charged by appellee for designing services performed by appellant. It was further alleged that thereafter appellant obtained a written commitment from one Anacomp, Inc. to purchase some $77,000 in office furnishings and to pay a fee of some $3,000 for appellant’s services in designing the office layout and coordinating the furnishings. Before that order could be filled, however (according to the complaint), appellee terminated appellant’s services and then induced Anacomp to revise its order downward to only $13,000 worth of furnishings, with no design fee.
Appellant argues that the allegations of Count I were sufficient to state a cause of action entitling her to the agreed percentage of the design fee and the agreed percentage of the profit which appellee would have earned on the original furnishings order. We agree that a cause of action has been stated, but the amount due appellant is, of course, still an open issue.
We believe, and appellee does not seriously dispute, that appellant would at least be entitled to her commission on any gross profit earned by appellee on the $13,000 final billing to Anacomp. That being the case, it was error to dismiss Count I, even though the amount owing may prove nominal. Hutchison v. Tompkins, 259 So.2d 129 (Fla.1972).
Appellant’s entitlement to a commission on the original $77,000 order will depend on her ability to persuade the trial court that appellee engineered the reduction of the order solely for the purpose of depriving appellant of her commission, and not because of other legitimate business considerations. We note, for what it is worth, that appellant’s design services appear to have been rendered as a part of the work-up she did for the purpose of making the sale. Under those circumstances, it would seem that there was always a calculated risk that the customer would simply change its mind and reject all or part of the proposal, which could leave appellant’s services uncompensated. According to her complaint, the employment agreement was that appellant was to receive a percentage of the profits on appellee’s actual billings, not on the orders appellant may have obtained. Therefore, we are of the opinion that in *227 order to recover under the instant circumstances, appellant would have to prove that appellee’s subsequent dealings with Ana-comp were motivated by a desire to euchre appellant out of her just recompense. Appellant’s theory that appellee should pay the entire commission, because it permitted Anacomp to avoid the obligation of its written commitment, ignores the practicalities of the business world. Compromise, understanding, and cooperation (and a shrewd eye toward future business) legitimately influence the resolution of many problems by means other than litigation.
Similarly, appellant’s right to her percentage of the original design commission of $3,000 will depend on appellee’s reasons for letting Anacomp renege on its original order. We cannot answer that question because no evidence has been presented in this case. It may be, too, that the final order of $13,000 normally would have carried with it a reasonable design charge, and that appellee didn’t make one because most of it would have been payable to appellant anyhow. In that case, appellee should not enjoy the fruits of appellant’s labor without paying her, even though Ana-comp was released from any such obligation. But that is a matter for the trial court to determine from the evidence.
COUNT III
Count III of the complaint alleged that appellant generated sales of furnishings to certain of appellee’s customers, but that appellee has persistently refused to render an accounting of such sales so that appellant can determine whether she is entitled to commissions. The complaint prayed for-an accounting and if it revealed that appellee was indebted to appellant under their agreement, judgment for such sum as might be found due.
We see no legal insufficiency in that pleading. We have no way of knowing whether appellant can prove her allegations, but she clearly has the right to try.
The dismissal of Counts I and III of the complaint is REVERSED. In all other respects, the order appealed from is affirmed. The case is REMANDED to the court below for further proceedings in accordance with this opinion.
GRIMES, A. C. J„ and RYDER, J, concur.